IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| KERRY TREMONTE FLAGG | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. TMD 11-1588 |
| | ) | |
| CAROLYN COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Kerry Tremonte Flagg ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c). Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No. 16) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 24). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

## I. Procedural History

Plaintiff protectively filed his applications for DIB and SSI on March 12, 2008 alleging disability since January 27, 2007 on the basis of degenerative disc disease, herniated disc, osteotomy and pain. R. at 154, 158, 182, 186. His claims were denied initially and on reconsideration. R. at 55-60, 62-68. On May 19, 2010, a hearing was held before an administrative law judge ("ALJ"). R. at 26-54. In a decision dated July 29, 2010, the ALJ denied Plaintiff's request for benefits. R. at 11-25. The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision the final decision subject to judicial review. R. at 1-5.

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520, § 416.920. At the first step, the ALJ determined that Claimant had not engaged in substantial gainful activity since January 27, 2007. At step two, the ALJ determined that Claimant suffered from the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis of the knees - right greater than left, obesity, adjustment disorder and personality disorder. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that, given his Residual Functional Capacity ("RFC") Plaintiff was not capable of performing his past relevant work. At step five, the ALJ concluded that Claimant was capable of performing jobs that existed in significant numbers in the national economy. Accordingly, he concluded that Claimant was not disabled. R. at 11-25.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff makes a single argument in support of his claim that this matter should be reversed or remanded: that the ALJ failed to properly evaluate the opinion of Dr. Brent Fox, Claimant's treating physician. Plaintiff argues that the ALJ should have afforded controlling weight to Dr. Fox's opinion that Claimant be limited to less than sedentary work. *See* R. at 387-90, 416-20, 462-66.

The standard for reviewing and weighing medical opinions is set forth in 20 C.F.R. § 416.927(d), which states in pertinent part:

> [W]e give more weight to opinions from your treating sources, since these sources are ... most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone ... If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight ... We will always give good reasons ... for the weight we give your treating source's opinion.

20 C.F.R. § 416.927(d)(2). Therefore, opinions of treating physicians which are supported by medically acceptable techniques and are not inconsistent with other substantial evidence in the record are to be given great weight. Conversely, SSR 96–2p provides that a medical opinion can *only* be given controlling weight if it is (1) an actual opinion; (2) from a treating source; (3) well supported by objective evidence; and (4) not inconsistent with other substantial evidence in the case. 20 C.F.R. § 404.1527(d)(2) outlines the factors that an ALJ must consider when determining whether to afford a treating source's opinion controlling weight. The factors are as follows: (1) the "[l]ength of the treatment relationship and the frequency of examination[;]" (2) the "[n]ature and extent of the treatment relationship[;]" (3) the extent to which the opinion is supported by medical evidence of record; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the treating physician (because the ALJ generally gives more weight to specialists); and (6) "any [other] factors ... which tend to support or contradict the opinion." 20 C.F.R. § 404.1527(d)(2).

Plaintiff argues that the ALJ's refusal to assign controlling weight to Dr. Fox's opinion is erroneous because the ALJ failed to discuss and properly apply the factors in 20 CFR § 404.1527(d). At the outset, the Court notes that the ALJ's opinion evidences that she conducted an extremely detailed and thorough review of the medical evidence in the file including that of Dr. Fox. R. at 14-17. The ALJ fairly summarized the requirements under the treating physician rule enunciated above and followed them with respect to Dr. Fox's opinion. R. at 21-22. With respect to the treatment relationship, the ALJ noted inconsistencies by Dr. Fox himself with respect to how long he had treated Plaintiff. In May, 2009, Dr. Fox indicated that he had been treating Claimant since October, 2008 but that his limitations had been present since 2003 which is not only prior to his treatment relationship but refers to a time when Claimant was not even alleging disability. R. at 420. However, in April, 2010, Dr. Fox erroneously indicated he had been treating Plaintiff since January, 2004 which was inaccurate as even Plaintiff acknowledges. R. at 466; *see* R. at 14, 21-22 (ALJ noting Claimant started seeing Dr. Fox in December, 2007); Pl.'s Mot. Summ., ECF No. 16 at 4 (noting Dr. Fox starting seeing Claimant on December 3, 2007).

Moreover, a review of the ALJ's discussion evidences that she had a clear understanding of the frequency of the visits and that Claimant was seeing Dr. Fox for pain management. *See* R. at 16, 20. Dr. Fox opined that Plaintiff was capable of less than a sedentary range of work and that he was ultimately disabled. In affording Dr. Fox's opinions little weight, the ALJ found that his opinions were not supported by objective medical evidence and were inconsistent with other evidence in the record. Significantly, the ALJ noted that an

5

examination in July, 2009 by Dr. Zamani was inconsistent with Dr. Fox's more restrictive findings. R. at 22. Dr. Zamani's examination revealed only tenderness on palpation in the lower lumbar area, no spasm, 90 degrees of straight leg raising with pain, full mobility of the hips, feet and ankles, no instability of the right knee with full range of motion, tenderness over the medial joint and normal strength, sensation and reflexes. R. at 20, 450-52. Dr. Zamani opined that Claimant was not experiencing any major orthopedic problem as far as his back and that he was capable of sedentary work and light work without any excessive activity in twisting of the knee or lifting. R. at 452.[2]

    Plaintiff argues that Dr. Fox's opinion is supported by objective evidence arguing that Dr. Fox cited both surgical reports and an MRI report showing a herniated disc as supporting his opinions. Pl.'s Mot. Summ., ECF No. 16 at 5. Dr. Fox provided opinions at three different times: May 29, 2008 (R. at 387-90); May 15, 2009 (R. at 417-20) and April 14, 2010 (R. at 463-66. While Plaintiff is correct that Dr. Fox generally references an MRI, physical therapy and surgical reports to support his findings, the Court does not find that the ALJ erred in not affording Dr. Fox's opinion controlling weight. Even now, Plaintiff does not direct the Court's attention to any specific medical findings in the record which would support the restrictions set forth by Dr. Fox. Indeed, the MRI ordered by Dr. Fox in 2009 (which postdates two of his opinions referenced above) concluded" unremarkable MRI of the cervical spine." R. at 479. It noted no significant degenerative changes, vertebral bodies as normal in height and alignment,

---

[2] Dr. Zamani had previously opined in 2008 that Claimant was capable of only sedentary work. R. at 22, 403-05.

bone marrow signal as normal, majority of disc spaces generally preserved and a normal spinal cord in signal and morphology. *Id*.

In sum, the ALJ did not err in its application of the treating physician rule with respect to Dr. Fox's opinion.

## V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: August 19 2013                     _____/s/_____
                                         THOMAS M. DIGIROLAMO
                                         United States Magistrate Judge